# EXHIBIT A

# Exhibit A

**Proposed Stipulation and Order Between Debtor and HHH Acquisition, LLC**

4861710_2

**DUANE MORRIS LLP**
James J. Vincequerra, Esq.
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1000
Fax: 212.692.1020
JVincequerra@duanemorris.com

*Attorneys for HHH Acquisition, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| HHH CHOICES HEALTH PLAN, LLC, | CASE NO. 15-11158 (MEW) |
| | CASE NO. 15-13264 |
| DEBTOR. | CASE NO. 16-10028 |
| | (JOINTLY ADMINISTERED) |

## STIPULATION BETWEEN DEBTOR AND HHH ACQUISITION, LLC

Debtor and debtor-in-possession, Hebrew Hospital Home of Westchester, Inc. (the "**Debtor**") and HHH Acquisition, LLC ("**HHH Acquisition**"), a creditor of the Debtor in the above-captioned jointly administered Chapter 11 proceeding, through their respective undersigned counsel, hereby stipulate and agree as follows:

### Recitals

WHEREAS, the Debtor commenced its Chapter 11 proceeding in this Court on January 8, 2016 (the "**Petition Date**");

WHEREAS, on or about November 7, 2013, the Debtor, as Seller, and HHH Acquisition, as Buyer, entered into an Asset Purchase Agreement (the "**Asset Purchase Agreement**"), for the sale of certain assets relating to Hebrew Hospital Home of Westchester, Inc., a 160-bed skilled nursing facility located at 61 Grasslands Road, Valhalla, New York (the "**Facility**");

DM2\6458377.4

WHEREAS, the Asset Purchase Agreement was effective on its Closing Date, which closing occurred on April 30, 2015 (the "**Closing Date**");

WHEREAS, the sale of the Purchased Assets under the Asset Purchase Agreement constituted a change of ownership of the Facility to HHH Acquisition that effected an automatic assignment of the Facility's **Medicare** provider agreement to HHH Acquisition under the applicable **Medicare** regulations (*see* 42 C.F.R. § 489.18);

WHEREAS, the Facility's **Medicare** provider number was assigned to HHH Acquisition on or about September 21, 2015;

WHEREAS, the sale of the Purchased Assets under the Asset Purchase Agreement constituted a change of ownership that required the automatic assignment of the Facility's *Medicaid* provider agreement to HHH Acquisition under the applicable *Medicaid* regulation (*see* 42 C.F.R. § 442.14);

WHEREAS, the Facility's *Medicaid* provider number is still pending assignment to HHH Acquisition;

WHEREAS, under the terms of the Asset Purchase Agreement, the Debtor transferred and conveyed to HHH Acquisition all of the Debtor's right, title and interest in certain Purchased Assets as of the Closing Date, among which Purchased Assets were (1) the Facility's **Medicare** provider agreements and provider number and (2) the Facility's *Medicaid* provider agreement and provider number;

WHEREAS, under the terms of the Asset Purchase Agreement, the Debtor agreed that, if it received any monies subsequent to the Closing Date arising from HHH Acquisition's ownership and operation of the Facility, all such monies would be paid over to HHH Acquisition within ten (10) business days of receipt thereof by Debtor, together with all statements and documents related thereto;

2

DM2\6458377.4

WHEREAS, prior to the Petition Date, **Medicare** and *Medicaid* payments made on account of HHH Acquisition's ownership and operation of the Facility were made into a bank account controlled by the Debtor, maintained at Wells Fargo Bank (the "**Debtor's Account**");

WHEREAS, prior to the Petition Date, the Debtor transferred funds from the Debtor's Account to HHH Acquisition in the ordinary course of its business, which funds were **Medicare** and *Medicaid* funds made on account of HHH Acquisition's ownership and operation of the Facility ("**HHH Acquisition Reimbursements**");

WHEREAS, subsequent to the Petition Date it is anticipated that HHH Acquisition Reimbursements from *Medicaid* will continue to be made into the Debtor's Account for some period of time until such time as the Medicaid provider number is assigned to HHH Acquisition;

WHEREAS, the Debtor acknowledges and agrees that HHH Acquisition Reimbursements deposited in the Debtor's Account belong to HHH Acquisition and are not property of the Debtor's estate, except to the extent that such payments related to services rendered prior to May 1, 2015;

WHEREAS, as of January 14, 2016, $382,422.74 remained in the Debtor's Account for the account of HHH Acquisition, which amount substantially arises from HHH Acquisition's ownership and operation of the Facility after the Closing Date;

WHEREAS, on January 15, 2016, the Debtor transferred $300,000.00 in HHH Acquisition Reimbursements from the Debtor's Account to HHH Acquisition in the ordinary course (the "**January 15, 2016 Transfer**");

WHEREAS, on January 19, 2016, the Debtor transferred to HHH Acquisition $82,422.74 in HHH Acquisition Reimbursements from the Debtor's Account to HHH Acquisition in the ordinary course (the "**January 19, 2016 Transfer**");

3

DM2\6458377.4

WHEREAS, HHH Acquisition's initial investigation reveals that in excess of $200,000 in additional *Medicaid* payments made on account of HHH Acquisition's ownership and operation of the Facility may remain to be paid by the Debtor to HHH Acquisition;

WHEREAS, the Debtor and HHH Acquisition agree and acknowledge that a reconciliation and accounting is necessary and proper to ensure that all **Medicare** and *Medicaid* payments that are not property of the Debtor's estate are appropriately accounted for (the "**Accounting**"):

## NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AMONG AND BETWEEN THE DEBTOR AND HHH ACQUISITION AS FOLLOWS:

1. The Debtor and HHH Acquisition agree that the HHH Acquisition Reimbursements are not property of the Debtor's estate and belong to HHH Acquisition.

2. The Debtor and HHH Acquisition acknowledge that the January 15, 2016 Transfer and the January 19, 2016 Transfer for Medicaid cycles 1998 and 1999 (not calendar year references) are consistent with the prepetition ordinary course transfers to HHH Acquisition of Medicaid payments deposited into the Debtor's Account.

3. The Debtor and HHH Acquisition agree other similar future transfers to HHH Acquisition are consistent with the prepetition ordinary course transfers to HHH Acquisition of Medicaid payments deposited into the Debtor's Account.

4. The Debtor and HHH Acquisition agree that, within three (3) business days after the Court's approval and entry of this Stipulation, the Debtor shall make arrangements for the **Medicare** and *Medicaid* funds deposited in the Debtor's Account for services rendered by HHH Acquisition after the Closing Date, going forward to be automatically transferred by wire to an account designated by HHH Acquisition every ten (10) business days, until such time as the pending assignment of the Facility's *Medicaid* provider number is made to HHH Acquisition.

4

DM2\6458377.4

5.  The Debtor and HHH Acquisition agree that the Debtor shall continue to segregate all funds for **Medicare** and *Medicaid* payments made on account of HHH Acquisition's ownership and operation of the Facility.

6.  Within twenty (20) business days of the approval of this Stipulation by the Bankruptcy Court, the Debtor agrees to provide an Accounting of all **Medicare** and *Medicaid* payments arising from HHH Acquisition's ownership and operation of the Facility after the Closing Date, together with all statements and documentation related thereto.

7.  Nothing in the Stipulation shall be deemed to act as a waiver of any of Debtor or HHH Acquisition's rights or claims.

8.  This Stipulation may be signed in counterpart originals or by facsimile or PDF copy, or with electronic signature noted (on consent), with such counterparts being considered parts of one fully executed document. This Stipulation is the entire agreement between Debtor and HHH Acquisition in respect of the subject matter hereto.

WHEREFORE, the Parties to this Stipulation respectfully request that this Court enter an order authorizing the relief set forth herein.

Respectfully submitted,

Dated: January 21, 2016

| | |
|---|---|
| **HEBREW HOSPITAL HOME OF WESTCHESTER, INC., DEBTOR** | **HHH ACQUISITION, LLC** |
| By: *Mary Frances Barrett* | By: *[signature]* |
| Mary Frances Barrett<br>Chief Executive Officer | Devorah Friedman<br>Member |

IT IS HEREBY SO ORDERED:

_____
The Honorable Michael E. Wiles
United States Bankruptcy Judge

6

DM2\6458377.4