# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE:

HEBREW HOSPITAL HOME OF WESTCHESTER, INC.                    CHAPTER 11
                                                            CASE NO. 15-_____

DEBTOR.

---

### DECLARATION OF MARY FRANCES BARRETT, CHIEF EXECUTIVE OFFICER OF HEBREW HOSPITAL HOME OF WESTCHESTER, INC. (I) PURSUANT TO LOCAL RULE 1007-2 OF THE LOCAL RULES OF BANKRUPTCY PROCEDURE AND (II) IN SUPPORT OF CHAPTER 11 PETITION AND FIRST DAY MOTIONS

Pursuant to FED. R. BANKR. P. 2014(a), Mary Frances Barrett declares:

1.      I am the Chief Executive Officer of the debtor and debtor-in-possession, Hebrew Hospital Home of Westchester, Inc. ("Debtor"), in the above-captioned chapter 11 case ("Chapter 11 Case").

2.      Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth.

### I. BACKGROUND

### [A] Legal Status

3.      The Debtor is a New York not-for-profit corporation formed on February 17, 1993 pursuant to Section 402 of the Not-For Profit Corporation Law ("NFPCL"). The Debtor does not have any shareholders. It is a Board directed corporation and one of several distinct legal entities within the larger Hebrew Hospital Home health system, which was initially founded in 1928 as a not-for-profit nursing home in the Tremont section of the Bronx. I have served as the Chief Executive Officer of the Debtor since its incorporation.

4.    The Debtor's predecessor, Hebrew Hospital Home, Inc. owned and operated a 480 bed skilled nursing facility located in the Bronx ("Bronx SNF"). In 1998, the Debtor opened a new 160 bed facility situated at 61 Grasslands Road, Valhalla, New York ("Westchester SNF"). In 2007, the Debtor sold the Bronx SNF.

### [B]    Financial Issues

5.    Following industry trends, the Debtor embarked upon an auxiliary program designed to provide health care services to clients who were residing in their own homes and apartments. At its peak, the Debtor's long-term home health care program serviced in excess of 400 clients. The conversion of the long-term home health care program to a Certified Home Health Agency ("CHHA") was approved by the New York State Department of Health ("NYSDOH") on July 7, 2014 (certificate # 700613) (the "CHHA License"). The Debtor's CHHA program provided in home intermittent health care support services to its clients, including assessments as to the level and scope of individualized services such as, occupational, speech and physical therapy, medical supplies, nursing and nutrition management. The Debtor's CHHA revenue was generated from a mix of private pay and government reimbursements (Medicaid and Medicare).

6.    The Debtor experienced significant adverse financial results starting in 2009 and the losses continued on in 2010 and forward. Among the factors contributing to the decline were, lower census attributable to shorter stays, reduced reimbursement rates, the confluence of managed care, and fewer private paying clients with an increase in the client mix for whom payment was derived through Medicare and Medicaid.

## II. SALE OF DEBTOR'S ASSETS

7.      Given the Debtor's continued losses and the unlikely prospects to regain financial viability, in 2012 the Board determined that it should pursue a sale of the Debtor's assets and operations in order to maintain the continuity of care for its clients and in furtherance of its mission.    The Debtor contacted the purchaser of the Bronx SNF to explore its interest in acquiring the Westchester SNF.

8.      In or about November of 2013, the Debtor entered into a Real Estate Purchase Agreement with an entity known as *Tarrytown II LLC* and *HHH Acquisition, LLC* (collectively, the "Purchasers").    The Purchasers are related parties to the buyer of the Bronx SNF.    On April 30, 2015, the sale of the Westchester SNF was consummated.

9.      The aggregate adjusted purchase price was **$24,321,581.45**. It included the assumption of the extant mortgage with a principal balance of **$13,828,439.81** and the delivery of a **$471,570.82** promissory note from the Purchasers' principals (the "Purchaser Note").    After application of closing adjustments, the net proceeds of **$10,251,965.96** was deposited into an escrow account maintained by McCullough, Goldberger & Staudt at Sterling National Bank (the "Escrow Account").    [See **Exhibit A**].    In accordance with the State court order authorizing the sale, the escrowed funds could not be disbursed without the consent of the New York State Attorney General ("NYSAG") and the further order of the State court.

10.     As discussed hereunder, to fund a prepetition bridge loan to Hebrew Hospital Senior Housing, Inc. ("HHSH") $3,500,000.00 was disbursed from the Escrow Account.

11.     Post-closing the Purchaser continued to utilize the Debtor's Medicare and Medicaid provider numbers.    This would necessitate reconciliation when the provider numbers were re-assigned to the Purchasers.    In addition, it was contemplated that post-closing

3

adjustments would be adjustments were contemplated for carry over vacation and sick days in respect of those employees who were hired by the Purchaser. These post-closing reconciliations are still pending and not finalized.

12.    Upon information and belief, the Debtor's Medicare number recently was assigned to the Purchaser. However, the Medicaid number is still pending assignment. This is a complicating factor in finalizing the reconciliation.

13.    The Debtor retained its accounts receivable and cash. It hired an outside vendor to provide collection services.

14.    Due to the small number of patients enrolled in the CHHA program (approximately 40) the Debtor in 2015 was incurring operating losses at the rate of approximately $250,000.00 per month. Therefore, the Debtor's Board determined that it should either sell the CHHA program or close it down. On or about July 25, 2015 the Debtor entered into an Asset Purchase Agreement with Premier Health Care Services, Inc. ("Premier") for the acquisition of the CHHA License, along with other related assets such as, tangible and intellectual property, supplies and data records. The purchase price was **$250,000.00**. Since the transfer of the CHHA License required regulatory approval, the transaction was structured such that Premier entered into an Interim Consultative & Management Services Agreement effective July 25, 2015 whereby Premier took over management of the Debtor's CHHA operations. It assumed all of the financial risks and revenue in respect thereof. The CHHA clients were transferred to other CHHAs. Premier provided the Debtor with a $250,000.00 loan that would be deemed the purchase price once the regulatory approval for the transfer of the CHHA License was obtained. The debtor delivered it promissory note in a like amount.

4

15.     As of the Petition Date, Premier not yet received the required regulatory approval for the transfer of the CHHA License.

16.     The Debtor does not have any active business operations. However, it still has responsibilities to wind-up its affairs, including finishing any remaining billing and processing, filing reports with regulatory agencies and closing its books and records. The true-up process and final reconciliation with the Purchasers of the Westchester SNF is incomplete.

## II. EVENTS LEADING TO BANKRUPTCY

17.     Direct creditors of the Debtor anticipated payment from the Westchester SNF sale. The Debtor calculated that the transaction generated more than sufficient funds to pay its direct creditors, excluding the projected amount of the potential ERISA withdrawal liability claim that eventually will be asserted by the 1199 pension funds (the "Withdrawal Liability Claim"). However, factoring in the anticipated value of the Withdrawal Liability Claim (even at 50%), the Debtor's balance sheet is substantially negative. Several creditors have institute legal proceedings to recover judgments.

18.     As mentioned above, HHSH was the recipient of a $3,500,000.00 loan from the Debtor that was funded on or about November 9, 2015 (the "HHSH Secured Bridge Loan"). The purpose of that loan was to fund HHSH's operation into its chapter 11 proceeding given the inability for HHSH to obtain operating capital from any other source. A subordinate mortgage for $3,500,000.00 was recorded to secure the HHSH Secured Bridge Loan. The Westchester County Industrial Development Agency ("WCIDA") as the record fee owner executed the junior mortgage (the "HHSH Second Mortgage"). It is subordinate to a mortgage held by the Manufacturers and Traders Trust Company ("M&T Bank"), which is collateral for its obligation under a certain letter of credit in favor the bond trustee.

19.   The HHSH Secured Bridge Loan was the result of lengthy negotiations among numerous parties and constituents, including the NYSAG, legal counsel for the HHSH residents, and the respective boards of the Debtor and HHSH.  Further, based upon the terms of a certain Restructure and Support Agreement, the State court presiding over the Westchester SNF sale approved the transaction.  It was contemplated that the HHSH Secured Bridge Loan would be repaid from the proceeds of the $12.2 million dollar post-petition debtor-in-possession loan that HHSH was negotiating with Lapis Advisers ("HHSH DIP Loan").

20.   HHSH filed its voluntary chapter 11 petition on December 9, 2015 in the United States Bankruptcy Court for the Southern District of New York in case # 15-13264-mew (the "HHSH Chapter 11 Case").  At the initial court proceedings concerning the HHSH Chapter 11 Case on December 15, 2015, the HHSH DIP Loan encountered substantial opposition from various constituents.  The prospects for approval of the HHSH DIP Loan is in doubt.

21.   The Debtor is a secured creditor in the HHSH Chapter 11 Case and the prospect for repayment of the HHSH Secured Bridge Loan likely will have to await the sale of HHSH's facility and business.

### III. BANKRUPTCY FILING

#### A. *Voluntary Petition*

22.   The Debtor began this Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 7, 2016 ("Petition Date"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

23.   The Debtor intends to assist in facilitating the sale of HHSH's assets, primarily through a post- petition loan facility up to $2,000,000.00 for operating capital, as the lender of last resort.

6

24.     In addition, the Debtor has been in negotiation with Bethel Nursing Home Company, Inc. (a third party developer and nursing home operator) to contribute 70 beds that are the subject of a separate Certificate of Need into a joint venture. This has the potential to generate $2,000,000.00 in additional liquidity once the nursing home opens for business. This transaction will be the subject of a separate motion for consideration and approval.

### B. *Summary of Estate*

25.     An initial *draft* of the Debtor's List of Creditors Holding 20 Largest Unsecured Claims is attached hereto as **Exhibit A**.

26.     The Debtor has no secured creditors.

27.     As of the Petition Date, the Debtor has the following assets:

[a] $6,751,965.96 in the Escrow Account

[b] $3,500,000.00 Note from HHSH

[c] Accounts Receivable with face value of $2-$2.5M

[d] CON for 70 Skilled Nursing Beds

[e] Purchasers Note re sale of Westchester SNF $471,570.82

28.     The Debtor has no direct employees, its senior management team consists of the following:

i.     Mary Frances Barrett / Chief Executive Officer (23 years) – responsibilities include carrying out policies and initiatives adopted by the Board of Directors of the Debtor, and experience includes 6 years as Chief Operating Officer of another not-for-profit organization;

ii.    Peter Cutaia / Chief Financial Officer (7 years (1+ as CFO)) – responsibilities include oversight of corporate financial records and

7

preparation and presentation of statements of financial status for the Board of Directors of the Debtor, and experience includes facilitation of community-based programming as Director of Finance for Community-Based Programs with the Hebrew Hospital Home health system;

## C. *First Day Motions*

29.    The only "first day" motions are a motion to jointly administer the Chapter 11 Case with Cases 15-13264 and 15-11158 ("Joint Administration") and the Debtor's motion to extend the time for filing its schedules and statement of final affairs.

30.    The Debtor in conjunction with the HHSH Chapter 11 Case will file a motion for the authorization to proceed with a $2,000,000.00 post-petition loan facility from the Debtor to HHSH.

31.    I am familiar with the contents of each of the First Day Pleadings. To the best of my knowledge, information and belief, the facts set forth therein are true and correct, and the relief sought is necessary to facilitate a successful conclusion to this Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: January 7, 2016                    *s/ Mary Frances Barrett*
                                          Mary Frances Barrett


8

## EXHIBIT A TO BARRETT DECLARATION

## HEBREW HOSPITAL HOME OF WESTCHESTER, INC. TO TARRYTOWN II, LLC AND HHH ACQUISITION, LLC

SALE OF HEBREW HOSPITAL HOME OF WESTCHESTER AND REAL ESTAET
LOCATED AT 61 GRASSLANDS ROAD, VALHALLA, NEW YORK

### ADJUSTMENTS COMPUTED AS OF 12:01 AM MAY 1, 2015

| PURCHASER'S CREDITS | | | SELLER'S CREDITS | | |
|---|---|---|---|---|---|
| First Down Payment | $ | 400,000.00 | Purchase Price | $ | 24,321,581.45 |
| Second Down Payment | $ | 200,000.00 | Tax Escrow Balance | $ | 2,225.14 |
| Promissory Note of Benjamin Landa and Johanon Hirsch payable in 6 months | $ | 471,570.82 | Property Insurance Escrow Balance | $ | 313,039.20 |
| 50% Mortgage Payments paid by Seller | $ | 121,570.82 | Reserve Balance | $ | 755,789.86 |
| Assumption of Mortgage | $ | 13,828,439.81 | Mortgage Insurance Premium Balance | $ | 47,870.31 |
| April mortgage interest | $ | 55,198.52 | 2015 Sewer tax adjustment | $ | $17,802.11 |
| Employee Accruals | $ | 635,426.80 | Inventory | $ | 10,000.00 |

| | | | | |
|---|---|---|---|---|
| **TOTAL CREDITS TO PURCHASER** | **$ 15,712,206.77** | **TOTAL CREDITS TO SELLER** | | **$25,468,308.07** |
| | | **LESS PURCHASER'S CREDITS** | | **$15,712,206.77** |
| | | **NET DUE SELLER AT CLOSING** | | **$ 9,756,101.30** |

**Net due in the amount of $9,756,101.30 was wired to McCullough, Goldberger & Staudt, LLP Attorney Escrow Account at closing and confirmed received the morning of May 1, 2015.**

**DOWNPAYMENT HELD IN ESCROW BY
McCULLOUGH, GOLDBERGER & STAUDT:**          $600,000.00

Interest Earned          $    679.78

**TOTAL HELD.........$600,679.78**

**DISBURSED AS FOLLOWS:**

Check No. 1161 drawn by McCullough, Goldberger &
Staudt, LLP Attorney Trust Account, on Provident Bank n/k/a
Sterling Bank, dated April 30, 2015, to the order of
Fidelity National Title Insurance Company, as payment of
NYS transfer tax in the amount of          $ 97,288.00

Check No. 1162 drawn by McCullough, Goldberger &
Staudt, LLP Attorney Trust Account, on Provident Bank n/k/a
Sterling Bank, dated April 30, 2015, to the order of
Town of Greenburgh Water Department, as payment of
Outstanding water bill in the amount of          $  7,527.12

Total Disbursed          $104,815.12

**BALANCE OF DOWNPAYMENT IN MGS ESCROW**          $   495,864.66

**PURCHASE PRICE WIRED INTO MGS ESCROW**          **$ 9,756,101.30**

**TOTAL IN MGS ATTORNEY ESCROW ACCOUNT**          **$10,251,965.96**

# EXHIBIT B

**Fill in this information to identify the case:**

Debtor name    **Hebrew Hospital Home of Westchester, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-10028**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

███  **Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■   *Schedule H: Codebtors* (Official Form 206H)
- ■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐   Amended *Schedule* _____
- ☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 9, 2016**          X **/s/ Peter Cutaia**
                                              Signature of individual signing on behalf of debtor

                                              **Peter Cutaia**
                                              Printed name

                                              **CFO**
                                              Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Hebrew Hospital Home of Westchester, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-10028**

☐ Check if this is an
amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

---

### Part 1:    Summary of Assets

1.  *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. Real property:
    Copy line 88 from *Schedule A/B*................................................................    $                0.00

    1b. Total personal property:
    Copy line 91A from *Schedule A/B*...........................................................    $        13,581,357.59

    1c. Total of all property:
    Copy line 92 from *Schedule A/B*.............................................................    $        13,581,357.59

---

### Part 2:    Summary of Liabilities

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*....................................    $                0.00

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. Total claim amounts of priority unsecured claims:
    Copy the total claims from Part 1 from line 6a of *Schedule E/F*...........................................    $                0.00

    3b. Total amount of claims of nonpriority amount of unsecured claims:
    Copy the total of the amount of claims from Part 2 from line 6b of *Schedule E/F*...........................    +$        28,654,720.43

4.  Total liabilities ....................................................................................................................    $        28,654,720.43
    Lines 2 + 3a + 3b

---

**Fill in this information to identify the case:**

Debtor name    **Hebrew Hospital Home of Westchester, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-10028**

☐ Check if this is an
amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of
debtor's interest

3.   Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 3.1.. | **Sterling National Bank** | Restricted Escrow (Sale Proceeds) | *801 | $6,751,965.96 |
| 3.2.. | **Wells Fargo** | Old Operating (*balance as of 2/8/2016) | 8190 | $4,969.42 |
| 3.3.. | **Wells Fargo** | New DIP Account (*balance as of 2/5/2016) | 3941 | $103,800.81 |
| 3.4.. | **M&T Bank** | Operating Account -- Medicaid (*balance as of 2/5/2016) | 7853 | $72,987.00 |
| 3.5.. | **Amalgamated Bank** | Operating Account -- Social Security (*balance as of 12/31/2015) | 4658 | $41,268.63 |
| 3.6.. | **Amalgamated Bank** | Resident Fund (*balance as of 12/31/2015) | 4636 | $4,898.58 |

4.   Other cash equivalents *(Identify all)*

Official Form 206A/B    Schedule A/B Assets - Real and Personal Property    page 1

Debtor   **Hebrew Hospital Home of Westchester, Inc.**          Case number *(if known)* **16-10028**
         Name

| 4.1. | Cash Collateralized Letter of Credit with M&T Bank re proposed left turn lane project | $275,000.00 |

| 5. | **Total of Part 1.** | $7,254,890.40 |
|---|---|---|
| | Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | |

## Part 2:   Deposits and Prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

| 7.1. | Utility Deposit with Con Edison | $60,470.00 |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

| 9. | **Total of Part 2.** | $60,470.00 |
|---|---|---|
| | Add lines 7 through 8. Copy the total to line 81. | |

## Part 3:   Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

| 11a. 90 days old or less: | 0.00 | - | 0.00 | = .... | $0.00 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

| 11b. Over 90 days old: | 0.00 | - | 0.00 | = .... | Unknown |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

| 12. | **Total of Part 3.** | $0.00 |
|---|---|---|
| | Current value on lines 11a + 11b = line 12. Copy the total to line 82. | |

## Part 4:   Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.
■ Yes Fill in the information below.

|  |  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                page 2

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor   **Hebrew Hospital Home of Westchester, Inc.**                     Case number *(if known)* **16-10028**
_____
Name

| Name of entity: | % of ownership | | |
|---|---|---|---|
| 15.1.. JV with The Bethel Methodist Home and Westchester Health Care Properties I, LLC -- selling right to construct 70-bed nursing facility -- $2.8MM sale price less setoffs owed to Bethel and for related expenses | N/A    % | N/A | $2,243,000.00 |

16.   Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1
Describe:

17.   **Total of Part 4.**                                                                    $2,243,000.00
Add lines 14 through 16.  Copy the total to line 83.

**Part 5:**   Inventory, excluding agriculture assets
**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**   Farming and fishing-related assets (other than titled motor vehicles and land)
**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**   Office furniture, fixtures, and equipment; and collectibles
**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:**   Machinery, equipment, and vehicles
**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:**   Real property
**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:**   Intangibles and intellectual property
**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

60.   **Patents, copyrights, trademarks, and trade secrets**

61.   **Internet domain names and websites**

Official Form 206A/B                     Schedule A/B Assets - Real and Personal Property                     page 3

Debtor    __Hebrew Hospital Home of Westchester, Inc.__    Case number *(if known)* __16-10028__
                    Name

| 62. | Licenses, franchises, and royalties | | | |
|---|---|---|---|---|
| | NYS Dept. of Health Certificate of Authorization #7000613 -- Certified Home Health Agency (CHHA) *No value -- part of July 2015 sale, but transfer to buyer is pending regulatory approval | $0.00 | N/A | $0.00 |

63.    Customer lists, mailing lists, or other compilations

64.    Other intangibles, or intellectual property

65.    Goodwill

66.    **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.                    | $0.00 |

67.    Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107?
       ■ No
       ☐ Yes

68.    Is there an amortization or other similar schedule available for any of the property listed in Part 10?
       ■ No
       ☐ Yes

69.    Has any of the property listed in Part 10 been appraised by a professional within the last year?
       ■ No
       ☐ Yes

**Part 11:    All other assets**

70.    Does the debtor own any other assets that have not yet been reported on this form?
       Include all interests in executory contracts and unexpired leases not previously reported on this form.

       ☐ No. Go to Part 12.
       ■ Yes Fill in the information below.

                                                                                  Current value of
                                                                                  debtor's interest

| 71. | Notes receivable | | | |
|---|---|---|---|---|
| | Description (include name of obligor) | | | |
| | **Loan from sale proceeds to affiliate, Hebrew Hospital Senior Housing, Inc. -- Restructuring Support and Loan Agreement dated October 20, 2015** | 3,532,171.00 – <br> Total face amount | 0.00 = <br> doubtful or uncollectible amount | $3,532,171.00 |
| | **Promissory Note with Benjamin Landa and Johanon Hirsch dated April 30, 2015** | 490,826.19 – <br> Total face amount | 0.00 = <br> doubtful or uncollectible amount | $490,826.19 |

72.    Tax refunds and unused net operating losses (NOLs)
       Description (for example, federal, state, local)

73.    Interests in insurance policies or annuities

       **See attached**                                                          Unknown

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 4

Debtor    **Hebrew Hospital Home of Westchester, Inc.**                                Case number *(if known)* **16-10028**
_____
Name

74.    Causes of action against third parties (whether or not a lawsuit
has been filed)
**NYS Universal Settlement -- Medicaid-Related Appeals**
**& Litigation (effective 12/19/2014)**                                                              Unknown
Nature of claim        **Pending Settlement Proceeds**
Amount requested                    **$805,000.00**

75.    Other contingent and unliquidated claims or causes of action of
every nature, including counterclaims of the debtor and rights to
set off claims

76.    Trusts, equitable or future interests in property

77.    Other property of any kind not already listed *Examples:* Season tickets,
country club membership

78.    **Total of Part 11.**                                                                        $4,022,997.19

Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                        Best Case Bankruptcy

Debtor    **Hebrew Hospital Home of Westchester, Inc.**                    Case number *(if known)* **16-10028**
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
       Name

| Part 12: | Summary |
| --- | --- |

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $7,254,890.40 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $60,470.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $2,243,000.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $4,022,997.19 | |
| 91. **Total.** Add lines 80 through 90 for each column | $13,581,357.59 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $13,581,357.59 |

## Schedule A/B #73 -- Insurance Policies

| Insurer | Named Insured | Type | Number | Term |
|---|---|---|---|---|
| Hiscox<br>• Highland Risk Services, Inc. | HHSH Inc. | General/Professional Liability | 2349747509 | 05/16/2015-2016 |
| CNA<br>• Columbia Casualty Company | HHCS, Inc. | Excess Liability | 5086867617 | 05/16/2015-2016 |
| CNA<br>• Continental Casualty Company | HHCS, Inc. | Business Auto | 5086867603 | 05/16/2015-2016 |
| RSUI Indemnity Company | HHCS, Inc. | Directors & Officers Liability- Primary $10M | NHP661820 | 03/16/2015-2016 |
| Great American Insurance Companies | HHCS, Inc. | Excess Directors & Officers Liability- $10M excess of $10M | APX8185067 | 03/16/2015-2016 |
| QBE Insurance Corporation | HHCS, Inc. | Excess Directors & Officers Liability- $5M excess of $20M | QPL0088564 | 03/16/2015-2016 |

4876416_1

**Fill in this information to identify the case:**

Debtor name    **Hebrew Hospital Home of Westchester, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-10028**

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name    **Hebrew Hospital Home of Westchester, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-10028**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address<br>**1199 Child Care Fund**<br>**330 West 42nd Street**<br>**27th Floor**<br>**New York, NY 10036**<br><br>Date or dates debt was incurred ___<br>Last 4 digits of account number ___ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:   __Trade debt__<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$3,458.45** |
| 3.2 | Nonpriority creditor's name and mailing address<br>**1199 Child Care Fund**<br>**330 West 42nd Street**<br>**27th Floor**<br>**New York, NY 10036**<br><br>Date or dates debt was incurred ___<br>Last 4 digits of account number ___ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:   __Trade debt__<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$830.37** |
| 3.3 | Nonpriority creditor's name and mailing address<br>**1199 Child Care Fund**<br>**330 West 42nd Street**<br>**27th Floor**<br>**New York, NY 10036**<br><br>Date or dates debt was incurred ___<br>Last 4 digits of account number ___ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:   __Trade debt__<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$583.82** |
| 3.4 | Nonpriority creditor's name and mailing address<br>**1199 Job Security Fund**<br>**330 West 42nd Street**<br>**27th Floor**<br>**New York, NY 10036**<br><br>Date or dates debt was incurred ___<br>Last 4 digits of account number ___ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:   __Trade debt__<br><br>Is the claim subject to offset? ☑ No  ☐ Yes | **$1,729.22** |

| Debtor | **Hebrew Hospital Home of Westchester, Inc.** | Case number (if known) | **16-10028** |
|---|---|---|---|
| | Name | | |

---

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $415.20 |
|---|---|---|---|

**1199 Job Security Fund**
330 West 42nd Street
27th Floor
New York, NY 10036

Date or dates debt was incurred ___

Last 4 digits of account number ___

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  __Trade debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,032.17 |
|---|---|---|---|

**1199 Job Security Fund**
330 West 42nd Street
27th Floor
New York, NY 10036

Date or dates debt was incurred ___

Last 4 digits of account number ___

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  __Trade debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $208,522.82 |
|---|---|---|---|

**1199 National Benefit Fund**
330 West 42nd Street
27th Floor
New York, NY 10036

Date or dates debt was incurred ___

Last 4 digits of account number ___

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  __Trade debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $46,726.69 |
|---|---|---|---|

**1199 National Benefit Fund**
330 West 42nd Street
27th Floor
New York, NY 10036

Date or dates debt was incurred ___

Last 4 digits of account number ___

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  __Trade debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $227,267.11 |
|---|---|---|---|

**1199 National Benefit Fund**
330 West 42nd Street
27th Floor
New York, NY 10036

Date or dates debt was incurred ___

Last 4 digits of account number ___

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  __Trade debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $23,516,694.00 |
|---|---|---|---|

**1199 SEIU Funds**
330 West 42nd Street
27th Floor
New York, NY 10036

Date or dates debt was incurred ___

Last 4 digits of account number ___

■ Contingent
■ Unliquidated
☐ Disputed

Basis for the claim:  __Trade debt__

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $73,595.69 |
|---|---|---|---|

**1199 SEIU Labor Management**
330 West 42nd Street
27th Floor
New York, NY 10036

Date or dates debt was incurred ___

Last 4 digits of account number ___

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  __Trade debt__

Is the claim subject to offset? ■ No ☐ Yes

---

# EXHIBIT C

effective unless the same shall be in writing and signed by the Lender, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

SECTION 8.02.   Notices, Etc.   All notices and other communications provided for hereunder shall be either (x) in writing (including telecopy or electronic communication) and mailed, telecopied or delivered or (y), in an electronic medium and delivered by electronic mail:

if to Borrower at its address at:

Hebrew Hospital Senior Housing, Inc. a.k.a. Westchester Meadows
55 Grasslands Road
Valhalla, New York 10595
Attention: Peter Cutaia
E-mail: pcutaia@hhhinc.org

with a copy (which shall not constitute notice) to

Harter Secrest & Emery LLP
Twelve Fountain Plaza, Suite 400
Buffalo, NY 14202-2293
Attention: Raymond L. Fink
Facsimile: 716.853.1617
Telephone: 716.844.3724
E-mail: rfink@hselaw.com

if to the Lender to its addresses at:

Hebrew Hospital Home of Westchester, Inc.
55 Grasslands Road
Valhalla, New York 10595
Attention: Mary Frances Barrett, Chief Executive Officer
E-mail: mbarrett@hhhinc.org

with a copy (which shall not constitute notice) to

Harter Secrest & Emery LLP
Twelve Fountain Plaza, Suite 400
Buffalo, NY 14202-2293
Attention: Raymond L. Fink
Facsimile: 716.853.1617
Telephone: 716.844.3724
E-mail: rfink@hselaw.com

if to the Borrower Creditors' Committee, to its counsel at:

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
Attention: Thomas Califano
Email: thomas.califano@dla piper.com

37