# EXHIBIT A

## SETTLEMENT AGREEMENT AND STIPULATION

This Settlement Agreement and Stipulation (the "Settlement Agreement") entered into as of this 25th day of September, 2017 between and among *Hebrew Hospital Home of Westchester, Inc.*, as Debtor and Debtor-In-Possession ("HHHW" or the "Debtor") and *HHH Acquisition LLC* ("HHH Acquisition").

### W I T N E S S E T H :

WHEREAS, on or about November 7, 2013, HHHW, HHH Acquisition and Tarrytown II, LLC ("Tarrytown") (HHH Acquisition and Tarrytown sometimes together, the "Purchasers"), respectively, entered into certain agreements wherein and whereby; [1] HHHW agreed to sell and HHH Acquisition agreed to acquire certain specified assets and to assume certain specified liabilities with respect to the turnkey operation of HHHW's 160 bed licensed skilled nursing home (the "APA") and [2] Tarrytown would purchase and acquire title to the real estate with improvements located at 61 Grasslands Road, Valhalla, New York (the "REPA");

WHEREAS, the consummation of the transactions contemplated in the APA and REPA, *inter alia*, required approvals from the New York State Department of Health ("DOH") and the New York State Attorney General ("NYSAG") and others, as a pre-condition to closing;

WHEREAS, prior to closing the transactions, the APA was amended, as evidenced by certain addenda entered into between HHHW and HHH Acquisition, respectively, dated January 26, 2015 and April 30, 2015; the latter of which concerned HHH Acquisitions assumption of the collective bargaining agreements with HHHW's unionized workforce and its commitment to obtain the statutory exemption from what otherwise would have caused HHHW to incur substantial *withdrawal liability* under applicable provisions of ERISA;

1

WHEREAS, on April 30,2015 HHH Acquisition and HHHW also entered into two additional agreements, respectively, denominated as, *Agreement Re: Funds Received After Closing* and *Indemnification Agreement*. The former excluded from the transferred accounts receivable HHHW's pending claims asserted against the DOH in respect of disputed Medicaid reimbursement in the then estimated amount of Eight Hundred Seven Thousand Dollars ($807,000.00), commonly referred to as the Universal Settlement (the "Universal Settlement"). The later provided for HHH Acquisition's indemnification of future claims arising out of HHH Acquisition's post-closing interim usage of HHHW's Medicare, Medicaid and National provider numbers.

WHEREAS, the Debtor has confirmed that the value of the Universal Settlement claim is Eight Hundred Six Thousand, Nine Hundred Fifty-Five and no/100 Dollars ($806,955.00);

WHEREAS, the APA, as amended, contemplated a post-closing true-up and reconciliation of various matters, including post-closing receipts, expenses and the adjustments of various liabilities;

WHEREAS, after obtaining the required regulatory approvals, on April 30, 2015, HHHW and the Purchasers consummated the closing of the transactions set forth in the APA and REPA, resulting in HHHW's receipt of net proceeds (including the initial deposit) in the amount of Ten Million, Two Hundred Fifty-One Thousand, Nine Hundred Sixty-Five and 96/100 Dollars ($10,251,965.96). The funds were held, in escrow, by HHHW's closing counsel, the disposition of which was subject to further court order;

WHEREAS, included in the purchase price was a promissory note made, jointly and severally, by Messrs. Benjamin Landa ("Landa") and Johanon Hirsch ("Hirsch"), payable to HHHW in the principal amount of Four Hundred Seventy-One Thousand, Five Hundred Seventy and 82/100 Dollars ($471,570.82), which note matured six (6) months after the closing (the "Landa

2

Hirsch Note"), with interest only payments due monthly beginning on June 1, 2015. The Landa

Hirsch Note was supported by Affidavits of Confessions of Judgment in respect to their joint and

several liability;

WHEREAS, HHHW filed a voluntary petition pursuant to Title 11 Chapter 11 of the

United States Bankruptcy Code on January 8, 2016 (the "Petition Date") in Case No. 16-10028

(the "Chapter 11 Case"), which is pending in the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") and jointly administered with related debtors under

Case No. 15-13264;

WHEREAS, on March 3, 2016 an Official Committee of Unsecured Creditors (the

"Creditors' Committee") was appointed by the Office of the United States Trustee in HHHW's

Chapter 11 Case;

WHEREAS, prior to the bankruptcy proceeding, HHHW and HHH Acquisition had not

concluded or resolved the post-closing true-up and reconciliation of their respective accounts;

WHEREAS, the Landa Hirsch Note remained unpaid as of the Petition Date and pursuant

to the respective Confessions of Judgments, the Debtor entered judgments, as amended,

respectively; against Landa on March 21, 2017 in the amount of Five Hundred Fifty-Five

Thousand, Two Hundred Sixty-Seven and 07/100 Dollars ($555,267.07) and against Hirsch on

April 19, 2017 in the amount of Five Hundred Fifty-Five Thousand, Eight Hundred One and

12/100 Dollars ($555,801.12) (collectively, the "Judgments);

WHEREAS, HHH Acquisition filed a proof of claim in the Chapter 11 Case in the amount

of Two Million, Six Hundred Fourteen Thousand, Nine Hundred Twenty-Two and 25/100 Dollars

($2,614,922.25) ("Claim #211") and thereafter an Amended Claim in the amount of Two Million,

Three Hundred Fifty-One Thousand, Six Hundred Ninety-One and 02/100 Dollars ($2,351,691.02)

FF\6825943.2

("Claim #312") (Claim #211 as amended by Claim #312 hereinafter, the "HHH Acquisition Proof of Claim");

WHEREAS, on September 12, 2017 the Bankruptcy Court entered an order approving the joint Creditors' Committee and Debtor's Disclosure Statement as a prelude to confirmation of the proposed Plan of Liquidation;

WHEREAS, the Debtor, the Creditors' Committee and HHH Acquisition, along with their respective professionals and advisers, have undertaken a detailed, comprehensive and lengthy process to complete the final reconciliation of all claims, credits, debits and adjustments in an effort to resolve the HHH Acquisition Proof of Claim, as well as matters related to the Judgments and the Universal Settlement, which are incorporated and set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the covenants, provisions and terms as set forth hereunder, IT IS HEREBY STIPULATED AND AGREED between and among the Debtor and HHH Acquisition (sometimes collectively the "Parties", or in the singular a "Party") as follows:

1.      All of the above recitals are incorporated herein and made a part hereof as if fully rewritten.

2.      The Parties, after extensive reconciliation and the review of accounts, including the post-closing receipts of funds and the adjustment of various claims and liabilities, hereby stipulate and agree that HHH Acquisition shall be deemed to have a final allowed general unsecured claim in the total amount of Two Million, One Hundred Eighty-Seven Thousand, One Hundred Fifty-Four and 55/100 Dollars ($2,187,154.55) subject to the approval of the Bankruptcy Court as set forth hereunder (the "Stipulated HHH Acquisition Claim"); and further

3.      In partial payment and satisfaction of the Stipulated HHH Acquisition Claim, the Debtor shall assign, transfer, convey and set over (without recourse) to HHH Acquisition, the

4

Judgments and in respect thereof and, the Debtor shall receive a credit as against the Stipulated HHH Acquisition Claim in the aggregate amount of Four Hundred Ninety-Nine Thousand, Seven Hundred Forty and 38/100 Dollars ($499,740.38), thereby resulting in an allowed HHH Acquisition claim in the net amount of One Million, Six Hundred Eighty-Seven Thousand, Four Hundred Fourteen and 17/100 Dollars ($1,687,414.17) (the "Allowed HHH Acquisition Claim") pursuant to 11 U.S.C. § 502; and further

4.    HHH Acquisition will irrevocably withdraw any and all claims that it has asserted to the Universal Settlement; notify the DOH and any other interested parties requiring notification of the withdrawal of HHH Acquisition's assertion of any claims, entitlements, or interests in the Universal Settlement and fully cooperate with any reasonable requests by the Debtor (or eventual litigation trustee) to facilitate release of the proceeds of the Universal Settlement to the Debtor; and further

5.    The terms of this Settlement Agreement are subject to the Debtor filing and prosecuting an appropriate motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Settlement Motion") and obtaining a non-appealable final order of the Bankruptcy Court approving the terms of this Settlement Agreement, unless the parties hereto agree to waive this requirement in writing; and further

6.    The Parties shall mutually cooperate with each other with respect to obtaining the Bankruptcy Court approval of this Settlement Agreement and shall take all reasonable steps necessary to effectuate and implement the terms of the Settlement Agreement upon obtaining Bankruptcy Court approval thereof.

FF\6825943.2

IN WITNESS WHEREOF, the parties by and through their respective legal counsel, have

entered into this Agreement as of the date first set forth above.

HEBREW HOSPITAL HOME OF WESTCHESTER, INC.
As Debtor and Debtor-In Possession

By:_____

    Raymond L. Fink, Esq.
    Lippes Mathias Wexler Friedman LLP,
    As Substitute Counsel for
    Hebrew Hospital Home of Westchester

HHH ACQUISITION LLC


By:_____

    Veronique Urban, Esq.
    Farrell Fritz, P. C.

6

FF 6825943.2